**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 29 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10374 |
| Plaintiff - Appellee, | |
| v. | D.C. No. 17-cr-00804-GMS-1 |
| JAMES DEE GILMORE, Jr., | MEMORANDUM* |
| Defendant - Appellant, | |

Appeal from the United States District Court
For Arizona
G. Murray Snow, Chief District Judge, Presiding

Submitted April 17, 2020**
San Francisco, California

Before: BERZON and IKUTA, Circuit Judges, and LEMELLE,*** Senior District
Judge.

After a three-day jury trial, James Dee Gilmore, Jr., was convicted of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* This appeal is ordered submitted on the briefs as of April 17, 2020, pursuant to Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Ivan L.R. Lemelle, Senior United States District Judge for the Eastern District of Louisiana, sitting by designation.

importation of and possession with intent to distribute 500 grams or more of methamphetamine. 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), 952(a), 960(a) and (b)(1)(H).

We find no clear error or abuse of discretion in the district court's decision to deny suppression of post-arrest statements. After reinitiating contact with border patrol agents, appellant knowingly, intelligently, and voluntarily waived his previously invoked *Miranda* rights, orally and in writing. *Edwards v. Arizona*, 451 U.S. 477, 484–85 (1981); *Maryland v. Shatzer*, 559 U.S. 98, 104 (2010). The claim of coercion due to stomach pain is undermined by appellant's refusal of offers to obtain medical assistance. Because there was no showing of coercive conduct or indication of a "severe intellectual impairment," the agents' references to lenience and admonishments to be truthful did not render appellant's statements involuntary. *United States v. Preston*, 751 F.3d 1008, 1027–28 (9th Cir. 2014).

Unlike the defendant in *United States v. Vizcarra-Martinez*, who was in possession of a small amount of methamphetamine while being charged with transporting hydriodic acid with knowledge that it would be used to manufacture methamphetamine, appellant possessed a small amount of methamphetamine and was charged with importing and possessing with intent to distribute a larger amount of methamphetamine hidden in the spare tire of the truck he was driving. 66 F.3d 1006, 1011–13 (9thCir. 1995). Gilmore reported having found

the small amount of methamphetamine in the truck he claimed to have borrowed, thereby linking it to the placement of the much larger amount of methamphetamine in the truck's spare tire. Therefore, the district court did not abuse its discretion in refusing to suppress as trial evidence the methamphetamine found in appellant's pocket, finding that it was inextricably intertwined with the methamphetamine in the spare tire. *See id*. at 1012–13.

Under circuit precedent, there was no abuse of discretion in allowing the government's expert witness to testify, within limitations, on the structure and operation of drug trafficking organizations, including use of "blind mules". That testimony was presented in response to the heart of appellant's defense of being an unknowing drug courier. *See United States v. Sepulveda-Barraza*, 645 F.3d 1066, 1070-71 (9th Cir. 2011). To the degree the testimony and the government's closing argument went into broader drug trafficking organization evidence, the fairly slight excess was harmless in light of the strength of the evidence against Gilmore.

The district court held that appellant's discovery of methamphetamine in the truck bed, the appellant's special attention to cleanliness of the spare tire that contained the larger quantity of methamphetamine, and his admitted search of the truck for narcotics favored presentment of a deliberate ignorance instruction. *United States v. Heredia*, 483 F.3d 913 (9th Cir. 2007). Neither that holding nor

3

the rejection of a recklessness definition charge was clearly erroneous or an abuse of discretion, nor did the instruction as given require jurors to reject a theory of actual knowledge before considering constructive knowledge. *See id.* at 923–24.

There is no error shown in the decision to charge the jury on the lesser included offense of simple possession. Simple possession is a subset of the charged offenses, containing many common elements. A rational jury could have found that the government proved knowing possession of the drugs, absent a finding of an intent to import or distribute them. *See United States v. Arnt*, 474 F.3d 1159, 1163 (9th Cir. 2007). Appellant's rights were not prejudiced and any error was harmless, as the only guilty verdict was on the charged offenses. *United States v. Olano*, 507 U.S. 725, 734 (1993). Notably, appellant asked for a lesser included jury instruction.

In light of the above holdings, the district court did not err in denying appellant's motion for a new trial.

Finally, appellant fails to show that the sentencing court abused its discretion by finding him to be a minor rather than minimal participant or by imposing a substantively unreasonable sentence. Gilmore admitted to being contacted by a drug trafficker who attempted to recruit him. Gilmore also agreed via text message to meet at the same hotel "as the first time" to pick up the truck he would drive from Mexico to Phoenix, Arizona. The district court took into consideration

sentencing factors, including appellant's long criminal history, the large quantity of narcotics, and the serious nature of the criminal offenses when imposing a 151-month sentence, the lowest available under applicable guidelines. The sentence was not substantively unreasonable. *United States v. Carty*, 520 F.3d 984, 994 (9th Cir. 2008).

**AFFIRMED.**